United States District Court
Southern District of Texas

**ENTERED**

July 24, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Challane Ugwumgbor, as next friend of JOHAN MARCEL ARAUJO-CALZADILLA, | § § § § | |
| | § | CIVIL ACTION NO. H-26-5257 |
| Petitioner, | § § | |
| vs. | § § | |
| WARDEN, Montgomery Processing Center, *et al.*, | § § § | |
| Respondents. | § § | |

**ORDER**

Challane Ugwumgbor filed this immigration habeas petition under 28 U.S.C. § 2241 on behalf of an immigration detainee, Johan Marcel Araujo-Calzadilla. Johan Marcel Araujo-Calzadilla is in custody of United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) officials at the Houston Contract Detention Facility. Liberally construing the petition as filed by Ugwumgbor as Araujo-Calzadilla's Next Friend, the court must consider whether it has jurisdiction to hear this case because it is not clear that Ugwumgbor satisfies the requirements to represent Araujo-Calzadilla.

Federal law provides that an "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. This provision codified the "next friend" doctrine that allowed individuals to file habeas petitions on behalf of someone else in certain circumstances. *Whitmore v. Arkansas*, 495 U.S. 149, 162–63 (1990). But those circumstances are limited, and "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id.* at 163. To qualify for "next friend" status, the filer first "must provide an adequate

explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action." *Id.* Second, the filer must establish that he is "truly dedicated to the best interests of the person on whose behalf he seeks to litigate" and that he has some "some significant relationship with the real party in interest." *Id.* at 163-64. "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164.

The petition before the court has not satisfied that burden. The relationship between Ugwumgbor and Araujo-Calzadilla is not clear and the petition does not explain why Araujo-Calzadilla cannot file this petition himself.

Accordingly, the court **orders** as follows:

1. If Challane Ugwumgbor seeks to pursue this action on Johan Marcel Araujo-Calzadilla's behalf, he must file a motion to proceed as next friend for Araujo-Calzadilla within **thirty (30) days** of the date of this Order that shows he meets the next-friend criteria set forth above.

2. Alternatively, Johan Marcel Araujo-Calzadilla may prosecute this action on his own by filing an amended petition under his own signature within thirty (30) days of the date of this Order. If Araujo-Calzadilla does not wish to pursue this action, he may dismiss it by filing a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a).

Failure to comply fully as directed within the time allowed may result in the dismissal of this proceeding under Rule 41(b) of the Federal Rules of Civil Procedure without further notice.

The Clerk of Court will send both Challane Ugwumgbor and Johan Marcel Araujo-Calzadilla a copy of this Order.

SIGNED on July 24, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge